*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 2, 2016                    521831
_____

In the Matter of PG ERIE
    PROPERTIES, LLC,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER

DEPARTMENT OF ECONOMIC
    DEVELOPMENT, Also Known as
    EMPIRE STATE DEVELOPMENT,
    et al.,
                    Respondents.
_____

Calendar Date:  April 19, 2016

Before:  Peters, P.J., Garry, Rose, Clark and Aarons, JJ.

_____

    Centolella Lynn D'Elia & Temes LLC, Syracuse (Michael T. Stanczyk of counsel), for appellant.

    Eric T. Schneiderman, Attorney General, Albany (Owen W. Demuth of counsel), for respondents.

_____

Garry, J.

    Appeal from a judgment of the Supreme Court (Collins, J.), entered October 6, 2014, which, among other things, partially dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Empire Zone Designation Board revoking petitioner's certification as an empire zone business enterprise.

    In 1997, petitioner was certified as a participant in the Economic Development Zones Program, which later became the Empire

Zones Program (see General Municipal Law art 18-B). Statutory amendments in 2009, as relevant here, directed respondent Commissioner of Economic Development to conduct a review of participating businesses and revoke the certifications of any entities that failed a 1:1 benefit-cost test or that were found to be "shirt-changers" — that is, businesses that had transferred employees or real property between related entities to produce the appearance that new jobs or investments had been created (see General Municipal Law § 959 [a] [v] [5]; [w]; Matter of Lyell Mt. Read Bus. Ctr. LLC v Empire Zone Designation Bd., 129 AD3d 137, 141 [2015]). In June 2009, respondent Department of Economic Development notified petitioner that the Commissioner was revoking its certification for failing both the 1:1 benefit-cost test and the shirt-changer test. Petitioner appealed to respondent Empire Zone Designation Board (hereinafter the Board), and the Board upheld the decertification. Petitioner commenced this combined declaratory judgment action and CPLR article 78 proceeding, which was marked off the calendar pending a de novo review by the Board. Thereafter, the Board reversed the Commissioner's determination as to the 1:1 benefit-cost test, but upheld petitioner's decertification based upon the shirt-changer test, finding that petitioner had not established the existence of extraordinary circumstances warranting continued certification (see General Municipal Law § 959 [w]; 5 NYCRR 14.2 [b]). Supreme Court found that petitioner was entitled to a declaration that the revocation of petitioner's certification could not be made retroactive to 2008, and otherwise dismissed the combined petition/complaint. Petitioner appeals.

In deciding whether a business should be decertified for failing the shirt-changer test, the Commissioner was directed to determine whether the entity had "caused individuals to transfer from existing employment with another business enterprise with similar ownership . . . to similar employment with the certified business enterprise or if the enterprise acquired, purchased, leased, or had transferred to it real property previously owned by an entity with similar ownership, regardless of form of incorporation or organization" (General Municipal Law § 959 [a] [v] [5]; see General Municipal Law § 959 [w]). Petitioner contends that it never engaged in such transfers of real property or employment, that the administrative record lacks any evidence

to the contrary, and, thus, that there is no factual basis for the determination that this provision was violated. We agree, and therefore find that the Board's denial of petitioner's appeal from the revocation of its certificate was "arbitrary and capricious and without a rational basis" (Matter of WL, LLC v Department of Economic Dev., 97 AD3d 24, 29 [2012], affd sub nom. James Sq. Assoc. LP v Mullen, 21 NY3d 233 [2013]).

In its appeal to the Board, petitioner argued that the Commissioner improperly based its determination that petitioner had violated the shirt-changer provision on its response to a particular question on a business annual report (hereinafter BAR) that petitioner had submitted in 2006.[1] The question required petitioner to state whether it was subject to a Tax Law provision that precluded certain businesses from receiving tax benefits if they could not establish that they were formed for a valid business purpose and were not "formed solely to gain empire zone benefits" (Tax Law § 14 [j] [4] [B]). Petitioner gave an affirmative response to this question and was thus required to explain the circumstances of its formation. Petitioner's explanatory statement reads in full as follows: "This entity was formed for valid business purposes related to acquisition and leasing of real property from an unrelated party. The form of the new business entity was chosen on consideration of financing requirements and legal issues." Petitioner contends — and we agree — that this response failed to provide a rational factual

---

[1] Contrary to petitioner's argument, the Commissioner's decertification letter was not required to set out the specific factual basis for its determination. The letter provided adequate notice by stating the statutory basis for the revocation and explaining petitioner's right to appeal to the Board (see General Municipal Law § 959 [w]; Matter of Hague Corp. v Empire Zone Designation Bd., 96 AD3d 1144, 1147 [2012], affd sub nom. James Sq. Assoc. LP v Mullen, 21 NY3d 233 [2013]). Petitioner asserted in its appeal to the Board that it was "well-publicized" that the Commissioner had identified petitioner and numerous other businesses for decertification under the shirt-changer test based upon their affirmative responses to the question on the 2006 BAR.

basis for the Commissioner's subsequent revocation of its certification as a shirt-changer.

Tax Law § 14 (j) (4) (B) was a 2005 legislative effort to address shirt-changing as it was then defined, applying to businesses that were certified before August 1, 2002, "ha[d] a base period of zero years or zero employment for its base period" and were similar in ownership and operation to another tax paying business entity.[2]  This legislation focused on the purpose of an entity's formation and sought to identify businesses that had been formed solely to obtain benefits rather than for valid business reasons.  The 2009 shirt-changer legislation was not concerned with the purpose of an entity's formation but, instead, examined its actions — specifically, whether a business had qualified for benefits by using transfers of assets or employees between related entities to create the impression that new jobs or investments had been generated (see General Municipal Law § 959 [a] [v] [5]; [w]).  These were new statutory criteria that did not exist in 2006.  As such, although an affirmative response to the question on the 2006 BAR about the applicability of the 2005 Tax Law provision indicated that the business in question was similar in ownership and operation to another entity so that transfers of assets or employees might have occurred, it was not sufficient, without more, to provide a rational basis for an inference that such transfers had actually taken place (see Matter of Dermody, Burke & Brown, CPAs, LLC v Department of Economic Dev., ___ AD3d ___ [decided herewith]).

Nothing in the statement that petitioner attached to its 2006 BAR indicates that any transfers of employment or property between similar entities occurred.  The statement makes no reference of any kind to transfers of employment, and its sole reference to asset transfers concerns the "acquisition and leasing of real property from an unrelated party" (emphasis

---

[2]  Separate legislation excluded businesses that were substantially similar in operation and ownership to existing or previously existing entities from obtaining certification after August 1, 2002 (see L 2002, ch 85, pt CC § 10, adding Tax Law § 14 [j]).

added).  As such, nothing in petitioner's 2006 BAR provides a
factual basis for the Commissioner's determination that
petitioner was a shirt-changer within the meaning of the 2009
legislation (compare id.; Matter of Lyell Mt. Read Bus. Ctr. LLC
v Empire Zone Designation Bd., 129 AD3d at 145-146).  Upon this
appeal, respondents concede that the Commissioner's determination
in petitioner's case was premised upon the 2006 BAR, and they
make no argument that anything else in the administrative record
supports the revocation of its certificate.

In its appeal to the Board, petitioner relied in part upon
an affidavit from Peter Muserlian, one of its members, setting
forth facts about petitioner's business operations, investments
and assets.  With regard to real property transfers, Muserlian
asserted that petitioner was formed in 1996 to acquire a building
in the City of Syracuse, Onondaga County that had formerly been a
furniture warehouse, had been vacant for a long period of time
and was in "decrepit condition."  Muserlian stated that
petitioner acquired the building in a tax foreclosure proceeding
and further averred that petitioner did not acquire, purchase,
lease or transfer to itself real property previously owned by a
company with similar ownership, and did not cause individuals to
transfer from existing employment with another business with
similar ownership to employment with petitioner.

In its decision rejecting petitioner's appeal, the Board
acknowledged these factual assertions as well as petitioner's
contention that its response on the 2006 BAR did not reveal a
violation of the 2009 shirt-changer provision.  The Board further
acknowledged that it had found extraordinary circumstances
justifying the continued certification of certain other
enterprises based upon proof that they had not transferred assets
or employees from a related entity.  The Board nevertheless
denied petitioner's appeal, finding that petitioner had failed to
produce "specific factual information and supporting
documentation" demonstrating the existence of the required
extraordinary circumstances and had not presented "underlying
facts that would allow the Board to conclude that [petitioner's]
employees and properties were not transferred from related
entities."  In the absence of any record evidence revealing that
petitioner had ever engaged in prohibited transfers of assets or

employment, this determination was irrational.

As respondents contend, the sole basis upon which the Board could reverse a determination by the Commissioner that a participant should be decertified under the shirt-changer provision was a unanimous finding that "extraordinary circumstances [had] occurred which would justify the continued certification of the business enterprise" (General Municipal Law § 959 [w]), and it was petitioner's burden to establish the existence of such extraordinary circumstances by submitting "specific factual information (along with documentation establishing that information) and all legal arguments" (5 NYCRR 14.2 [b]). We reject respondents' contention that Muserlian's affidavit was inadequate to satisfy this burden and that petitioner should also have submitted a deed or other documentation substantiating the affidavit's description of the acquisition of its real property. Muserlian's sworn testimony that the building was acquired in a tax foreclosure proceeding — and, thus, presumably from a municipality — revealed that the property was not transferred from a similar private business entity; it is unclear what further relevant information the tax deed may possibly have conveyed. The Board did not state that it had rejected the credibility of Muserlian's uncontradicted testimony, nor did it provide any reason for doing so, and this Court may not "affirm the underlying determination upon a ground not invoked by the Board in the first instance" (Matter of Office Bldg. Assoc., LLC v Empire Zone Designation Bd., 95 AD3d 1402, 1404-1405 [2012]). In view of the complete absence of any evidence controverting Muserlian's account or otherwise indicating that a prohibited real property transfer had occurred, it was irrational for the Board to require further proof on this issue.

Likewise, while Muserlian's terse statement that no prohibited employment transfers had occurred might not have sufficed under 5 NYCRR 14.2 (b) if there had been some other contradictory proof in the record, it was adequate where, as here, there was no evidence whatsoever that petitioner had ever engaged in a prohibited employment transfer (compare Matter of Dermody, Burke & Brown, CPAs, LLC v Department of Economic Dev., ___ AD3d at ___). As such, the Board should have found

extraordinary circumstances warranting the issuance of a retention certificate pursuant to General Municipal Law § 959 (w) (see Matter of Lyell Mt. Read Bus. Ctr. LLC v Empire Zone Designation Bd., 129 AD3d at 149). Petitioner's remaining arguments are rendered academic by this determination.

Peters, P.J., Rose, Clark and Aarons, JJ., concur.

ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition/complaint seeking to annul the revocation of petitioner's certification as an empire zone business enterprise; petition granted to that extent and determination annulled; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court