*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 2, 2016                    521853
_____

In the Matter of DERMODY,
    BURKE & BROWN, CPAs, LLC,
                    Appellant,

        v

DEPARTMENT OF ECONOMIC
    DEVELOPMENT, Also Known as
    EMPIRE STATE DEVELOPMENT,
    et al.,
                    Respondents.
_____

MEMORANDUM AND ORDER

Calendar Date:  April 19, 2016

Before:  Peters, P.J., Garry, Rose, Clark and Aarons, JJ.

_____

    Centolella Lynn D'Elia & Temes LLC, Syracuse (Timothy M.
Lynn of counsel), for appellant.

    Eric T. Schneiderman, Attorney General, Albany (Owen W.
Demuth of counsel), for respondents.

_____

Garry, J.

    Appeal from a judgment of the Supreme Court (Collins, J.),
entered October 6, 2014 in Albany County, which, among other
things, partially dismissed petitioner's application, in a
combined proceeding pursuant to CPLR article 78 and action for a
declaratory judgment, to review a determination of respondent
Empire Zone Designation Board revoking petitioner's certification
as an empire zone business enterprise.

    Petitioner is an accounting firm that was certified as a
participant in the Empire Zones Program in July 2002 (see

generally James Sq. Assoc. LP v Mullen, 21 NY3d 233, 240-241
[2013]).  In 2009, statutory amendments to the program directed
respondent Commissioner of Economic Development to conduct a
review of all certified business enterprises to determine, as
pertinent here, whether any were "shirt-changers" — that is,
whether any program participant certified before August 1, 2002
had created what appeared to be new jobs or investments by
transferring employees or assets between related entities (see
General Municipal Law § 959 [a] [v] [5]; [w]; Matter of Lyell Mt.
Read Bus. Ctr. LLC v Empire Zone Designation Bd., 129 AD3d 137,
141 [2015]).  In June 2009, respondent Department of Economic
Development notified petitioner that the Commissioner was
revoking its certification for failing the shirt-changer test.
Petitioner timely appealed the determination to respondent Empire
Zone Designation Board (hereinafter the Board), which upheld the
revocation.  Petitioner commenced this combined proceeding
pursuant to CPLR article 78 and action for declaratory judgment,
which was marked off the calendar while the Board conducted a de
novo review.  Thereafter, the Board again upheld the
determination, finding that petitioner had not demonstrated
extraordinary circumstances warranting continued certification
(see General Municipal Law § 959 [w]; 5 NYCRR 14.2 [b]).
Petitioner amended its application to include the de novo
determination.  Following joinder of issue, and as pertinent
here, Supreme Court dismissed the petition/complaint.[1]
Petitioner appeals.

In evaluating the merits of petitioner's arguments, "this
Court is limited to determining whether the Board's
determination[] w[as] arbitrary and capricious and without a
rational basis" (Matter of Lyell Mt. Read Bus. Ctr. LLC v Empire
Zone Designation Bd., 129 AD3d at 143 [internal quotation marks,
brackets, ellipsis and citation omitted]).  We reject
petitioner's contention that there was no factual basis for the

_____

[1]  Supreme Court found that petitioner was entitled to a
declaration that the revocation of its certification could not be
made retroactive to 2008, and otherwise dismissed petitioner's
claims.  Respondents did not cross-appeal from the retroactivity
determination.

Commissioner's determination to revoke petitioner's certification. As a participant in the Empire Zones Program, petitioner was required to complete and submit business annual reports (hereinafter BARs) that provided information about its activities, employment and investments (see 5 NYCRR 11.7). The BAR that petitioner completed for 2006 included a section inquiring whether its business was subject to a recently-enacted Tax Law provision that excluded certain firms from receiving tax benefits unless they could establish that they had been formed for a valid business purpose (see Tax Law § 14 [j] [4] [B]). Petitioner responded affirmatively and, as required by the form, attached a statement explaining that it had been formed by combining two previously-existing accounting firms for various valid business purposes. We find that petitioner's affirmative response on the 2006 BAR, taken together with facts set forth in the attached explanatory statement, provided a rational basis for the Commissioner's decertification decision.

Petitioner's mere affirmative response to the question whether the Tax Law provision was applicable to its business, without more, would not have sufficed to provide a rational basis for the determination that it was a shirt-changer. The Tax Law provision, enacted in 2005, was a previous legislative attempt to address abuses of the Empire Zones Program that retroactively barred businesses from receiving benefits if they were certified before August 1, 2002, "ha[d] a base period of zero years or zero employment for its base period," were similar in ownership and operation to an existing or previously existing business entity and could not show that they had been formed for a valid business purpose other than the avoidance or reduction of taxation (Tax Law § 14 [j] [4] [B]).[2] The 2009 legislation established new standards that empire zone participants were required to satisfy to retain their certification. Under the provision at issue here, the Commissioner was directed to decertify participants

_____

    [2] Businesses seeking certification after August 1, 2002 were subject to 2002 legislation that required them to demonstrate that they were not substantially similar in operation and ownership to existing or previously existing entities (see L 2002, ch 85, pt CC, § 10, adding Tax Law § 14 [j]).

that had "caused individuals to transfer from existing employment with another business enterprise with similar ownership . . . to similar employment with the certified business enterprise or if the enterprise acquired, purchased, leased, or had transferred to it real property previously owned by an entity with similar ownership, regardless of form of incorporation or organization" (General Municipal Law § 959 [a] [v] [5]; see General Municipal Law § 959 [w]).  Such transfers of employees and real property were not relevant to the 2005 Tax Law provision and, thus, were not addressed in the question on the 2006 BAR.  Thus, an affirmative response to that question might suggest the possibility of shirt-changing but, without more, could not form the sole basis for a rational inference that a prohibited transfer had occurred (see Matter of PG Erie Props., LLC v Department of Economic Dev., ___ AD3d ___ [decided herewith]).

However, the statement that petitioner attached to the 2006 BAR to demonstrate that it was formed for a valid business purpose contained factual information that was relevant to the Commissioner's 2009 analysis.  In the statement, petitioner averred that it was formed in 2002 by combining two previously existing accounting firms, one of which — then known as Dermody, Burke & Brown, P.C. — had been engaged in the practice of public accountancy for 50 years.  According to the statement, the 14 shareholders of this firm joined with the seven partners of a second accounting firm, Pasquale and Bowers, LLP, to become members of a new entity, which subsequently carried on the combined practices of the two previous firms.  These factual assertions were sufficient to give rise to the reasonable inference that petitioner had caused individuals to transfer from existing employment with the previous two accounting firms to similar employment with petitioner, and that — as petitioner's members were the same individuals who had been the members and shareholders of its predecessors — its ownership was similar to that of the prior firms.  Accordingly, there was an evidentiary basis for the determination that petitioner was a shirt-changer within the meaning of the 2009 legislation (compare id.).[3]

_____

    [3]  Contrary to petitioner's contention, the Commissioner was not required to specifically reference the 2006 BAR in its

Upon petitioner's appeal, the Board was permitted to reverse the Commissioner's decertification determination only if it found unanimously that "extraordinary circumstances [had] occurred which would justify the continued certification of the business enterprise" (General Municipal Law § 959 [w]). It was petitioner's burden to establish the existence of such extraordinary circumstances by submitting "specific factual information (along with documentation establishing that information) and all legal arguments" (5 NYCRR 14.2 [b]). In its de novo determination, the Board acknowledged that it had previously found the existence of extraordinary circumstances warranting continued certification when other companies had proven that no prohibited transfers of employees or assets had occurred. Here, however, the Board found that petitioner had not set forth "facts that would allow the Board to conclude that [petitioner's] employees and properties were not transferred from related entities" and, thus, had not met its burden. The record supports the Board's determination.

In support of its appeal to the Board, petitioner submitted an affidavit from one of its members, who described petitioner's formation in some detail and also asserted — in brief, conclusory terms — that petitioner's affirmative response on the 2006 BAR was made in error, that the company was not similar in ownership or operation to an existing or previously existing entity, and

decertification letter or otherwise set out the factual basis for its determination. The Commissioner provided sufficient notification by advising petitioner that its certification was being revoked due to its failure to satisfy the shirt-changer requirement and that it had the right to appeal the decertification determination to the Board (see General Municipal Law § 959 [w]; Matter of WL, LLC v Department of Economic Dev., 97 AD3d 24, 30-31 [2012], affd sub nom. James Sq. Assoc. LP v Mullen, 21 NY3d 233 [2013]; Matter of Hague Corp. v Empire Zone Designation Bd., 96 AD3d 1144, 1147 [2012], affd sub nom. James Sq. Assoc. LP v Mullen, 21 NY3d 233 [2013]). Petitioner asserted in its appeal to the Board that it had learned from public accounts and its advisors that the Commissioner's decertification was based upon its affirmative response in the 2006 BAR.

that it had not caused any prohibited transfers of employment or assets. The affidavit failed to state the specific factual basis for the assertion that the response to the 2006 BAR was erroneous. Further, it did not set forth any facts describing the alleged differences in ownership between petitioner and its predecessors, nor did it provide facts establishing that petitioner's operation differed from its predecessors in any substantial way. Significantly, instead of providing facts or documentation revealing that no transfers of employment had occurred between petitioner and its predecessors or that new jobs that had not previously existed in either of the preceding firms had been created when the new entity was formed, the affidavit stated that petitioner was "formed by the joining together of two major regional accounting firms, each bringing dozens of employees and thousands of clients together" (emphasis added). Accordingly, we cannot say that it was irrational, arbitrary or capricious for the Board to determine that petitioner did not demonstrate the existence of extraordinary circumstances (see Matter of Lyell Mt. Read Bus. Ctr. LLC v Empire Zone Designation Bd., 129 AD3d at 146-147).

We reject petitioner's contention that its due process rights were violated in that the revocation of its certificate was based upon actions that were not a basis for decertification when they were taken. The fact that the 2009 statutory standards for the prospective retention of empire zone certification are applicable to actions taken before the statute took effect "does not render that statute 'retroactive' in any true sense of that term" and does not implicate petitioner's due process rights (Forti v New York State Ethics Commn., 75 NY2d 596, 609 [1990]; accord Matter of Lyell Mt. Read Bus. Ctr. LLC v Empire Zone Designation Bd., 129 AD3d at 147; compare James Sq. Assoc. LP v Mullen, 21 NY3d 233, 250 [2013]). Further, the record does not support petitioner's contention that the Board acted arbitrarily and capriciously by denying relief to petitioner while granting retention certificates as to other entities. Petitioner submitted no proof that it was similarly situated to other entities that the Board found had not violated the shirt-changer provision. Thus, the Board did not act irrationally in denying petitioner's appeal, and Supreme Court correctly dismissed the petition.

Peters, P.J., Rose, Clark and Aarons, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court